UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SUHA MIKHAIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 1:17-CV-269-HAB |
| | ) |
| MANCHESTER UNIVERSITY, INC. | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's *pro se* Motion to Seal her case, which the Court understands to mean all records publicly accessible on the docket. (ECF No. 47).[1] Plaintiff expresses that she would like the entire case sealed because she is "experiencing violations and disruptions in my life due [to] very personal and medical information being public." While the Court understands Plaintiff's concerns, Plaintiff has not overcome the strong presumption of public access to judicial documents. As a result, Plaintiff's motions to seal the case is DENIED.

**DISCUSSION**

There is a general principle favoring public access to federal court records, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), and it is only after balancing competing interests that a court may take the step of limiting such access. Indeed, "[w]hat happens in the federal courts is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records…Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires

---

[1] Plaintiff filed suit alleging disability discrimination and failure to accommodate under the ADA and the Rehabilitation Act. A clerk's entry of judgment against the Plaintiff was entered in May 2019 and the case is closed.

rigorous justification." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Even in cases involving substantial countervailing privacy interests such as state secrets, trade secrets, and attorney-client privilege, courts have refused requests to seal. *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 30 (7th Cir. 1995) (Easterbrook, J., in chambers) (noting that even in cases involving issues of national security, a "sealed opinion and order" is barely imaginable).

Striking a balance between the public's right to transparent court proceedings and a litigant's personal privacy interests is complicated by cases that by their very nature reveal a litigant's health and medical information. *See Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020) (sympathizing with a disability claimant "who feels as though her medical information should not be publicized simply because she chooses to avail herself of her right to judicial review."). But when a litigant brings a federal lawsuit they must expect at least some infringement on their personal privacy occasioned by the public nature of the proceedings. "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.,* 960 F.2d 1013, 1016 (11th Cir. 1992). In the context of disability discrimination claims, the medical basis of the claim is front and center and it is reasonable to expect such information to become public. *Id*. at 692-93 ("When unsuccessful applicants for disability benefits seek judicial review, they can expect (at least under today's practices) that the medical basis of the claim will become public.").

That said, Plaintiff has not asked the Court to seal only portions of the case involving medical records or to redact her medical information; she is asking the Court to indiscriminately seal her entire case, even portions that do not disclose her medical information. Courts faced with these types of requests hold litigants to a high standard. *See Brown,* 960 F.2d at 1016 (unless a party can show "extraordinary circumstances" a court file must remain accessible to the public);

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (the proponent of a motion to seal "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."); *Bracken v. Fla. League of Cities,* 2019 WL 1867921, at *3 (D. Or. Apr. 24, 2019) ("Where the party seeks to seal case files in their entirety ... courts have required that party to meet the high threshold of showing that compelling reasons support the need for secrecy.").

Regardless of how the Court phrases the heightened threshold, Plaintiff has not met it here. Plaintiff has not provided anything more than a general concern that her medical and personal information is in the public record. This is not enough to sway the Court to seal the case given the strong presumption favoring public access and openness of the judiciary. Courts routinely deny requests to seal cases asserting similar concerns. *Gonzales v. United States Post Off. of Shelbyville, Indiana*, 2021 WL 4943067, at *1 (S.D. Ind. Apr. 19, 2021) (denying motion to seal case where plaintiff sought to avoid political harassment, retaliation, or humiliation); *Abdul-Haqq v. Kaiser Found. Hosps*., 2020 WL 4368235, at *1 (N.D. Cal. July 29, 2020) (denying motion to seal closed case where plaintiff alleged third parties had posted public information on websites and threatened in text messages to send it to employers and houses of worship); *Brez v. Fougera Pharms., Inc*., 2018 WL 2248544, at *1 (D. Kan. Apr. 20, 2018) (denying request to seal closed case where plaintiff had difficulty finding new employment because the case is public record); *Gravestock v. Tarpley Truck & Trailer Inc.,* 2017 WL 5441462, at *1 (D. Colo. Oct. 31, 2017) (denying request to seal case on the basis that the lawsuit "alleged conduct of a highly personal, sensitive, scandalous, and prurient nature" and would " diminish the public reputation and professional

standing of the parties"). For these reasons, then, Plaintiff's Motion to Seal her case is DENIED.[2] (ECF No. 47).

       SO ORDERED on March 24, 2022.

                                      s/ Holly A. Brady
                                      JUDGE HOLLY A. BRADY
                                      UNITED STATES DISTRICT COURT

---

[2] The Court also notes that Plaintiff failed to request that any filings be sealed when they were proffered during the litigation. The belated nature of Plaintiff's request serves as still another ground to deny it.